IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RNI WIND DOWN CORPORATION, *et al.*,[1] | Case No. 06-10110 (CSS) |
| Debtors. | Jointly Administered |
| | Hearing Date: October 23, 2013 at 11:45 p.m. (ET)<br>Objection Deadline: October 8, 2013 at 4:00 p.m. (ET) |

**PLAN ADMINISTRATORS' MOTION FOR ENTRY OF
A FINAL DECREE PURSUANT TO SECTION 350(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3022
CLOSING RNI WIND DOWN CORPORATION**

Craig R. Jalbert, the plan administrator (the "Plan Administrator") for the reorganized debtors (collectively, the "Debtors"), designated by the chapter 11 plan confirmed in the above-captioned cases[2], hereby moves the Court, pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of a final decree (the "Final Decree") closing the Debtors' chapter 11 case of RNI Wind Down Corporation, formerly known as Riverstone Networks, Inc. ("RNI" or the "RNI

---

[1]  The Debtors are RNI Wind Down Corporation, formerly known as Riverstone Networks, Inc. (Tax ID No. XX-XXX6178), Blue Coast Software (Tax ID No. XX-XXX9415), The OASys Group, Inc. (Tax ID No. XX-XXX8093), Riverstone Networks SPC, Inc. (Tax ID No. XX-XXX3518) and Pipal Systems, Inc. (Tax ID No. XX-XXX6850) each with a mailing address of 5200 Great America Parkway, Santa Clara, CA 95054.

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the text of the *Joint Plan of Reorganization and Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors, the Official Committee of Unsecured Creditors and the Official Committee of Equity Security Holders, As Revised* (the "Plan").

WCSR 31242115v2

Chapter 11 Case", as applicable). In support of this motion (the "Motion"), the Plan Administrator respectfully represents as follows:

**Preliminary Statement**

1. On or about the Effective Date, the Plan Administrator made his initial distribution to creditors and Allowed Equity Interests (as defined in the Plan) and has since made five additional distributions to holders of Allowed Equity Interests. The Plan Administrator will shortly make a final distribution to the Allowed Equity Interests (the "Final Distribution").

2. The Court entered an order approving the final fee applications on December 20, 2006, pursuant to which the Plan Administrator has made all remaining payments to professionals retained pursuant to orders of this Court. Additionally, all fees then due by RNI under 28 U.S.C. § 1930(a)(6) have been paid. The Plan Administrator will also reconcile and pay any remaining United States Trustee fees for RNI that come due through the closing of the RNI chapter 11 case. Accordingly, the Plan Administrator submits that the RNI chapter 11 case has been "fully administered" as required under section 350(a) of the Bankruptcy Code and requests a Final Decree closing the RNI chapter 11 case.

**Background**

3. On February 7, 2006 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code [Case No. 06-10110, Docket No. 1] (the "Chapter 11 Cases"). Throughout their Chapter 11 Cases, the Debtors were authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Negotiations during the Chapter 11 Cases ultimately culminated on September 12, 2006 in the Debtors' confirmation of their Plan, at which time this Court entered its *Findings of*

*Fact, Conclusions of Law, and Order Under 11 U.S.C. §1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming Joint Plan of Reorganization and Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by the Debtors, the Official Committee of Unsecured Creditors and the Official Committee of Equity Security Holders, As Revised* [Docket No. 883] (the "Confirmation Order") confirming the Plan.

5. The Plan became effective on September 25, 2006 (the "Effective Date").

6. On or about the Effective Date, the Plan Administrator made his initial and final distribution to creditors holding Allowed Claims and initial distribution to Allowed Equity Interests (as defined under the Plan) and has since made five additional distributions to holders of Allowed Equity Interests. The Plan Administrator will make a Final Distribution to the Allowed Equity Interests within 30 days after entry of the Final Decree.

7. On April 3, 2012, the Plan Administrator filed a Motion for Entry of a Final Decree Pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 Closing Certain of the Reorganized Debtors' Chapter 11 Cases (the "Initial Closure Motion") [Docket No. 1751]. The Initial Closure Motion sought to close all of the cases with the exception of the RNI Chapter 11 Case. Concurrently, the Plan Administrator also filed a Final Report in Connection with the Closing of Certain of the Chapter 11 Reorganized Debtors' Cases [Docket No. 1752]. On May 8, 2012, the Court granted the the Initial Closure Motion closing all of the cases with the exception of the RNI Chapter 11 Case [Docket No. 1760].

8. All expenses arising from the administration of the RNI chapter 11 estate, including court fees and fees currently payable under 28 U.S.C. § 1930(a)(6) have been paid as of the Effective Date. All other motions, contested matters, and other proceedings which were before this Court with respect to the RNI Chapter 11 Case have been resolved.

WCSR 31242115v2

### Jurisdiction

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

10. By this Motion, the Plan Administrator requests, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 5009-1, entry of a final decree substantially in the form attached hereto as **Exhibit A** which provides for: (i) the closing of the RNI Chapter 11 Case, (ii) authorization of the Plan Administrator to cancel the bond it posted in accordance with the Plan and Confirmation Order, (iii) authority to abandon, dispose and/or destroy the books and records of the Debtors that are of no utility to the wind down of the estate after making the Final Distribution, (iv) authority to donate to a charity recognized by the Internal Revenue Service as a 501(C)(3) not-for-profit corporation of the Plan Administrator's choice, after the Final Distribution, of any Cash relating to uncashed checks, escheated funds or any other remaining Cash on hand, and (v) affirming that the Plan Administrator and Post-Effective Date Committee retain the benefit of the exculpation and indemnification provisions set forth in Sections 9.1 and 6.2(e) of the Plan, respectively.

### Basis For Relief

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Local Rule 5009-1(a) provides that, "[u]pon written motion, a

4

party in interest may seek the entry of a final decree at any time after the confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 5009-1(a).

12.     The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

> (1)     whether the order confirming the plan has become final;
>
> (2)     whether deposits required by the plan have been distributed;
>
> (3)     whether the property proposed by the plan to be transferred has been transferred;
>
> (4)     whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;
>
> (5)     whether payments under the plan have commenced; and
>
> (6)     whether all motions, contested matters, and adversary proceedings have been finally resolved.

This Court has affirmed its adoption of the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608, 2005 WL 1668396, *2 (Bankr. D. Del. June 24, 2005) (*citing Mold Makers*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)). *See also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493

(E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

13. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

### The RNI Chapter 11 Case Has Been Fully Administered and May Be Closed

14. The RNI Chapter 11 Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a Final Decree closing these cases. For example,

- the Confirmation Order has become final and is non-appealable;

- all payments required to be made pursuant to the Plan, other than any payments which have not yet become due in the ordinary course of business, have been paid or have been provided for as of the Effective Date;

- all anticipated motions, contested matters and adversary proceedings in the RNI case pending in this Court have been fully resolved;

- the final Plan distribution will be made from the RNI estate within thirty (30) days from entry of the Final Decree; and

- the Plan has been substantially consummated as to RNI, as that term is used at section 1101(2) of the Bankruptcy Code.

15. The foregoing factors support closing the RNI Chapter 11 Case. Further, the prospect that certain additional fees owed to the Office of the United States Trustee may come due does not require that the RNI Chapter 11 Case remain open until all such payments are made. *Jay Bee Enters.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require

that a chapter 11 case be kept open until all awarded fees have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid").

16.     Bankruptcy courts, including those in this district, have issued final decrees closing chapter 11 cases and specifically excepted from such decrees any particular matters that remain pending.  *See, e.g.*, *In re NTK Holdings, Inc.*, Case No. 09-13611 (KJC) (Bankr. D. Del. Mar. 31, 2010); *In re Panolam Holdings Co.*, Case No. 09-13889 (MFW) (Bankr. D. Del. Jan. 25, 2010); *In re CommerceConnect Media Holdings, Inc.*, Case No. 09-12765 (BLS) (Bankr. D. Del. Jan. 12, 2010); *In re Recycled Paper Greetings, Inc.*, Case No. 09-10002 (KG) (Bankr. D. Del. Dec. 29, 2009); *In re The Finova Group Inc.*, Case No. 01-0698 (PJW) (Bankr. D. Del. Dec. 29, 2009); *In re Vertis Holdings, Inc.*, Case No. 08-11460 (CSS) (Bankr. D. Del. November 12, 2008); *In re PWS Holding Corp., et al.,* Case No. 98-212 (SLR) (Bankr. D. Del. Nov. 9, 2005) (closing cases notwithstanding pending adversary proceeding); *In re Loral Space & Commc'ns Ltd.*, Ch. 11 Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. May 14, 2008) (closing certain of Debtors' cases notwithstanding disputed claims outstanding); *In re Formica Corp., et al.*, Ch. 11 Case No. 02-10969 (BRL) (Bankr. S.D.N.Y. Aug. 22, 2005) (closing cases notwithstanding certain pending matters, including claim objections).

17.     Moreover, the additional relief requested for inclusion in the Final Decree is appropriate and necessary:

> (i)   The grant of authority to cancel the Plan Administrator's bond in conjunction with the making of a Final Distribution affirms the implicit authority contained in Paragraph 42 of the Confirmation Order which contemplates a reduction in the bond amount as distributions are made under the Plan.
>
> (ii)  The affirmation of no liability of the Plan Administrator and Post-Effective Date Committee ensure these parties receive the protections provided in Sections 6.2(e) and 9.1 of the Plan;

(iii) The expansion of the grant of authority contained in Section 7.13 of the Plan to donate to a charity any remaining Cash on hand after a Final Distribution acknowledges that while uncashed checks or escheated funds from the Final Distribution may be in excess of $15,000, any remaining Cash on hand will not be sufficient to make any further distribution economically justifiable;[3] and

(iv) The authority to abandon, dispose and/or destroy the Debtors' books and records which serve no useful purpose in the wind down and administration of the estate will result in cost saving to the estates and ensures an orderly and efficient wind down of the Chapter 11 Case, especially in light of the fact that seven years has passed since the Plan has gone effective and all claims have been resolved. *See* 11 U.S.C. § 544(a).

18. The Plan Administrator anticipates that neither he nor any other party will require entry of any further orders of this Court.

### Final Report

19. The Plan Administrator intends to file the final report for RNI, pursuant to Local Rule 5009-1(c), on or before fourteen (14) days prior to the hearing scheduled on this Motion.

### Notice

20. The Plan Administrator will provide notice of this Motion by first-class mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the U.S. Securities and Exchange Commission; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Plan Administrator submits that no further notice of the Motion is necessary or required.

21. No previous request for the relief requested herein has been made to this or any other court.

---

[3] Moreover, as Riverstone Networks is a public company, a majority of the shares are held through the Depository Trust Company (DTC). After Final Distributions are made, DTC will shut down the open stock positions. As a result, the Plan Administrator will no longer be capable of making a further distribution to such shareholders.

WHEREFORE the Plan Administrator respectfully requests that this Court (a) enter a Final Decree, substantially in the form attached hereto as **Exhibit A** closing the RNI Chapter 11 Case and (b) grant such other and further relief as the Court may deem just and appropriate.

Dated:  September 23, 2013                    Respectfully submitted,

    WOMBLE CARLYLE SANDRIDGE & RICE LLP

    /s/  Steven K. Kortanek
    Steven K. Kortanek (DE Bar No. 3106)
    222 Delaware Avenue, Suite 1501
    Wilmington, DE  19801
    Telephone: (302) 252-4320
    Facsimile: (302) 252-4330

    -and-

    BROWN RUDNICK LLP
    William R. Baldiga
    Sunni P. Beville
    One Financial Center
    Boston, MA 02111
    Telephone: (617) 856-8200
    Facsimile: (617) 856-8201

*Attorneys for the Plan Administrator*